IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JASON C. JARRELL,**

    **Plaintiff,**

  v.                                                    Civil Action No. 1:24-cv-32

**TOM DYER, DYER LAW OFFICES,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 28], OVERRULING OBJECTIONS [ECF NO. 29], AND DISMISSING CASE WITH PREJUDICE**

    **I.**    **BACKGROUND AND REPORT AND RECOMMENDATION**

On March 29, 2024, Plaintiff Jason C. Jarrell ("Plaintiff" or "Jarrell") filed a pro se complaint alleging his former attorney, Tom Dyer, violated his civil rights while representing him in revocation proceedings in Gilmer County, West Virginia Circuit Court. ECF No. 1. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 7.

On April 10, 2024, Defendant Tom Dyer moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 1. On April 29, 2024, Plaintiff filed a motion for summary judgment. ECF No. 23. On July 22, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 28], recommending the Court grant Defendant's motion to dismiss [ECF

No. 11], deny Plaintiff's motion for summary judgment [ECF No. 23] and dismiss Plaintiff's complaint with prejudice [ECF No. 1].

The R&R informed the parties that they had fourteen (14) days plus an additional three (3) days from the date of the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." ECF No. 28 at pp. 7-8. Jarrell timely filed objections to the R&R on July 25, 2024. ECF No. 29.

## II.   STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are

2

so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

### III. DISCUSSION

Plaintiff objects to the magistrate judge's recommendation to dismiss his case pursuant to Federal Rule of Civil Procedure

3

12(b)(6) and alleges several issues with the R&R. First, Defendant objects to the magistrate judge's factual finding that the subject lawsuit ensued because Plaintiff was dissatisfied with the outcome of a Gilmer County, West Virginia case. ECF No. 29 at p. 1. Second, Plaintiff objects to the factual finding that Tom Dyer was retained only for subsequent revocation proceedings in Gilmer County. Id. at p. 2. Third, Defendant contends that Tom Dyer never informed him that there was not a valid basis for appealing his probation revocation. Id. Fourth, Plaintiff objects to the finding that Defendant was not acting under the color of law – as required for a 42 U.S.C. § 1983 claim. Id. at p. 5. Thus, Plaintiff contends the case should proceed to trial. Id. at p. 4. For the following reasons, Defendant's objections [ECF No. 29] are **OVERRULED** and dismissal of Plaintiff's Complaint is appropriate.

### A. Jarrell's First Objection is Overruled.

Plaintiff's objection to the magistrate judge's factual finding that Plaintiff was dissatisfied with the outcome of a Gilmer County matter is overruled. The referenced "state criminal matter" in the R&R refers to the revocation proceedings in which Tom Dyer was retained to represent Jarrell. Plaintiff was clearly dissatisfied with the revocation of his probation because he sought to appeal the decision. Thus, this factual finding is not improper.

Moreover, the R&R does not mischaracterize Plaintiff's claimed basis for the subject lawsuit. Plaintiff states in his

4

objection that the basis for the lawsuit is a violation of his civil rights, arising from Tom Dyer's refusal to appeal the revocation decision. ECF No. 29 at p. 1. Similarly, the R&R's factual summary liberally construes the pro se Complaint as asserting "a cause of action under 42 U.S.C. § 1983. . .. Defendant deprived him of civil rights by, namely, (1) depriving Plaintiff of the Second Amendment right to carry a firearm and (2) depriving Plaintiff of the right to file an appeal in the state criminal action." Thus, Plaintiff's first objection does not provide a legal basis or a relevant factual distinction to refute the magistrate judge's R&R and is therefore **OVERRULED**.

## B. Jarrell's Second Objection Is Overruled.

Plaintiff's second objection to the R&R is overruled because the ultimate scope of Tom Dyer's representation is not dispositive to assessing whether Jarrell has stated a claim upon which relief can be granted. Plaintiff claims Tom Dyer was retained to replace his previous counsel and that he expected the representation would extend through any appeals. ECF No. 1 at p. 2. In contrast, Defendant contends he was retained strictly to handle the probation revocation proceedings in Gilmer County Circuit Court. ECF No. 18 at p. 3. This objection amounts to a distinction without a difference. Here, Tom Dyer did not file a notice of appeal because he believed there was not a legal basis for such an appeal as to the revocation. An appeal of the revocation decision would be

5

within the scope of the representation. This is distinct, however, from the Harrison County, West Virginia charges which lead to the subsequent revocation and the underlying Gilmer County, West Virginia charges in which Plaintiff received the term of probation. Nonetheless, these facts do not change the ultimate outcome of this case because, as elaborated upon below, Jarrell cannot state a claim under 42 U.S.C. § 1983. Thus, the second objection to the magistrate judge's R&R is **OVERRULED**.

### C. Jarrell's Third Objection is Overruled.

Plaintiff's third objection is overruled because whether Tom Dyer informed Plaintiff that there was not a basis for appealing the probation revocation is not dispositive to determining if Plaintiff's Complaint stated a claim upon which relief can be granted. Plaintiff contends there is a difference between Tom Dyer telling him that there was not an appeal and Dyer explaining to him that no grounds for appeal existed. This is again a distinction without a difference for purposes of reviewing the R&R.

Moreover, Plaintiff conflates the right to appeal the revocation sentence, with the right to appeal the underlying misdemeanor charges in which he was convicted and sentenced to in part, a term of probation. While Plaintiff is now appealing the underlying Gilmer County conviction, which could impact his revocation sentence if successful, that does not mean a basis to appeal the revocation existed, in and of itself. At the revocation

hearing, Plaintiff waived the right to an evidentiary hearing and admitted to the conduct giving rise to the revocation proceedings. Thus, the third objection to the magistrate judge's R&R is **OVERRULED** and these facts do not change the ultimate outcome of this case because, as elaborated upon below, Jarrell cannot state a claim under 42 U.S.C. § 1983.

### D. Jarrell's Fourth Objection is Overruled.

The only legal objection Plaintiff raises relates to his disagreement that he can bring a § 1983 claim against Tom Dyer. Plaintiff does not provide any legal authority to support his contention.

Rather, "[t]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 66 (1985) (internal citation omitted). As recognized in the R&R, attorneys who are "retained to represent a criminal defendant" are not subject to § 1983 liability because they are not state actors. ECF No. 28 at p. 5; Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). See Shelton v. Crookshank, 2017 WL 9565841, at *11 (N.D.W. Va. Nov. 17, 2017), report and recommendation adopted, 2018 WL 527423 (N.D.W. Va. Jan. 24, 2018), aff'd as modified, 742 F. App'x 782 (4th Cir. 2018) (finding that a privately retained attorney is not a "state actor[] against whom an allegation of deprivation of constitutional rights

7

under color of law could be properly lodged."); Skaggs v. Hoke, 2024 WL 5006789, at *6 (S.D.W. Va. July 18, 2024), report and recommendation adopted, 2024 WL 4879867 (S.D.W. Va. Nov. 25, 2024)(collecting cases).

Here, Tom Dyer, as a private retained attorney, is not liable under § 1983 because he was not a state actor acting under the color of law when representing Plaintiff in the revocation proceedings. Plaintiff's fourth objection is contrary to law and thus **OVERRULED**.

## IV.    CONCLUSION

The Court reviewed the remainder of the R&R for clear error and found none. For these reasons, the Court **ADOPTS** the R&R in its entirety [ECF No. 28] and **OVERRULES** Jarrell's objections [ECF No. 29]. Accordingly, Defendant's Motion to Dismiss [ECF No. 11] is **GRANTED** and Plaintiff's Motion for Summary Judgement [ECF No. 23] is **DENIED**. Any other pending motions are **DENIED AS MOOT**. Jarrell's Complaint is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested.

**DATED:** March 6, 2025

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA